HILDA SCHEIB, ESQ.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL ALAS,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>　　　　　　　　Respondents. | C-07-3811 SI |

**TRAVERSE TO ANSWER TO PETITION
FOR WRIT OF HABEAS CORPUS**

COMES NOW petitioner DANIEL ALAS, and files this traverse in response to Answer to the Order to Show Case filed by respondent in this matter, and requests that his petition be granted, for the following reasons:

I.

Petitioner hereby incorporates as though fully set forth herein and realleges all the facts as set forth in his peition, filed with this Court pursuant to 28 U.S.C. section 2254, in its entirety.

II.

Petitioner disputes the following allegations, as set forth in respondent's answer:

(a) Petitioner disputes the allegation that he is lawfully in the custody of the Department of Corrections. Petitioner disputes the validity of the judgment of the Superior Court of the State of California, County of San Francisco, issued on June 15, 2004, case number

(b) Petitioner disputes respondent's denial of each of his factual or procedural allegations and claims, as well as respondent's allegations that his claims do not state a basis for federal habeas relief and did not result from a violation of any constitutional right.

c) Further, petitioner disputes each and every factual allegation in the answer that denies him a basis for relief that he has not expressly admitted herein.

Petitioner incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying Points and Authorities filed in support of the Traverse, to the extent not inconsistent with petitioner's factual allegations.

WHEREFORE, petitioner respectfully requests that his petition for writ of habeas corpus be granted.

Dated: August 25, 2008

Respectfully submitted,

Hilda Scheib
Attorney for Petitioner

DECLARATION OF SERVICE BY U.S. MAIL

Re: Alas v. Sullivan, et al.
C 07-3811 SI

I declare:

I am an attorney licensed to practice law in the State of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA. On August 25, 2008, I caused to be served
TRAVERSE TO THE ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE

on:

Linda Murphy, Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102

Daniel Alas

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed this 25th day of August, 2008, in San Francisco, CA.

HILDA SCHEIB

HILDA SCHEIB, ESQ.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DANIEL ALAS,** | ) C 07-3811 SI |
| Petitioner, | ) |
| v. | ) |
| **WILLIAM SULLIVAN, et al.,** | ) |
| Respondents. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRAVERSE
TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

TABLE OF CONTENTS

|  | PAGE |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | |
| I. HABEAS RELIEF SHOULD BE GRANTED BECAUSE PETITIONER'S RIGHT TO PRESENT A DEFENSE AND TO A FAIR TRIAL WERE VIOLATED BY THE TRIAL COURT'S REFUSSAL TO ALLOW THE READING OF THE TESTIMONY FROM THE FIRST TRIAL OF AN EXPERT WITNESS WHO WAS UNAVAILABLE TO TESTIFY AND BECAUSE THE COURT OF APPEAL FOUND NO ERROR. | 2 |
| II. HABEAS RELIEF SHOULD BE GRANTED BECAUSE PETITIONER'S RIGHT TO THE EFFECITVE ASSISTANCE OF COUNSEL WAS VIOLATED BY TRIAL COUNSEL'S FAILURE TO ENSURE THAT AN EXPERT TESTIFIED AT TRIAL ON THE EFFECTS OF VOLUNTARY ALCOHOL CONSUMPTION, AND BY THE STATE COURT'S FAILURE TO FIND ERROR. | 3 |
| III. PETITIONER IS ENTITLED TO HABEAS RELIEF BECAUSE HIS RIGHTS TO A FAIR TRIAL AND TO COUNSEL WERE VIOLATED WHEN THE TRIAL COURT MADE INSULTING REMARKS TO DEFENSE COUNSEL DURING CROSS-EXAMINATION OF A PROSECUTION WITNESS AND WHEN THE COURT OF APPEAL FOUND NO ERROR. | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|
| *Alcala v. Woodford* (9th Cir., 2003) 334 F.3d 862 | 6 |
| *Caro v. Woodford* (9th Cir., 2002) 280 F.3d 1247 | 8 |
| *Melendez v. Piller* (9th Cir., 2002) 288 F.3d 1120 | 8 |
| *Strickland v. Washington* (1984) 466 U.S. 668 | 3 |

STATUTES

| | |
|---|---|
| 28 U.S.C. 2254 | 1 |


HILDA SCHEIB, ESQ.
SBN 96081
P. O. Box 29098
San Francisco, CA 94129
415-750-9397

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL ALAS, | ) C 07-3811 SI |
|  Petitioner, | ) |
| v. | ) |
| WILLIAM SULLIVAN, et al., | ) |
|  Respondent. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRAVERSE
TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

The following memorandum responds to points raised in respondent's answer to the petition for writ of habeas corpus filed by petitioner with this Court pursuant to 28 U.S.C. section 2254.

I.

PETITIONER'S RIGHTS TO PRESENT A DEFENSE
AND TO A FAIR TRIAL
WERE VIOLATED BY THE TRIAL COURT'S REFUSAL TO
ALLOW THE READING OF THE TESTIMONY FROM THE
FIRST TRIAL OF AN EXPERT WITNESS
WHO WAS UNAVAILABLE TO TESTIFY.

Respondent urges that petitioner had not met the foundational requirements for admission of the testimony of Dr. Randy Baselt on the issue of the effects of petitioner's voluntary consumption of alcohol on his level of intoxication. (Answer, p. 7.) Respondent ignores, however, the testimony at trial of the amount of alcohol petitioner had consumed that night. (RT 269-270, 366, 368-369, 382) Though certain aspects of testimony at the first trial relating to petitioner's history of alcohol and drug abuse had not been presented to the current jury, still, the foundation had been laid for a reading of Baselt's testimony, particularly since, as the trial court recognized, Baselt was "a pretty important witness, as far as the defense goes." (RT 361)

Respondent next argues that habeas corpus relief does not lie for errors of state law. (Answer, pp. 7-8) This assertion is inapposite, however, since the error in this case was not simply one of state law, but also implicated petitioner's federal constitutional rights to a fair trial and to present a defense. Accordingly, this Court must ask whether state law, as explained by the state court, is contrary to clearly established federal law. Lockhart v. Terhune, 250 F.3d 1223, 1230 (9th Cir., 2001). Since voluntary intoxication was a key defense in this case, petitioner was entitled to present expert testimony on facts relating to the defense which are beyond common knowledge. The Court of Appeal's improper determination that a

foundation had not been laid violated petitioner's constitutional rights to adequately present the voluntary intoxication defense and to a fair trial on that issue.

## II.

### PETITIONER IS ENTITLED TO HABEAS RELIEF BECAUSE PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY TRIAL COUNSEL'S FAILURE TO ENSURE THAT AN EXPERT TESTIFIED AT TRIAL ON THE EFFECTS OF VOLUNTARY ALCOHOL CONSUMPTION.

To prove ineffective assistance of counsel, a defendant must establish that (1) his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced thereby. Strickland v. Washington (1984) 466 U.S. 668, 686-688. To prove prejudice, the defendant must establish that there was a reasonable probability that the outcome of the case would have been different absent the error. A "reasonable probability" is one sufficient to undermine confidence in the outcome. Id., at p. 694.

Petitioner urges that trial counsel was ineffective in failing to ensure that an expert testified at trial on the effects of voluntary alcohol consumption, either by (a) failing to secure Baselt's presence, or (2) failing to secure an expert to replace Baselt, or (3) failing to ensure that the facts underlying the hypothetical presented to Baselt in the first trial were presented to the jury in the present trial so as to provide the foundation for reading his prior testimony in the present trial[1], or

---

1

For example, to establish the alcohol concentrations which figured in Baselt's testimony, defense counsel, instead of simply having petitioner testify that he had been drinking all day, would have asked him at what time and what quantity he drank during the day. He would have asked him if he had eaten during the period. Instead of allowing petitioner to testify simply to have had "a couple of beers"

3

(4) failing to request that the former testimony be redacted to include only those aspects for which a foundation was laid in the present trial, thereby once again ensuring that at least aspects of Baselt's former testimony be heard by the present jury. (Pet., pp. 11-13) Petitioner also urges that he was severely prejudiced by trial counsel's actions and omissions.

    Respondent, relying on the Court of Appeal opinion, claims that petitioner has failed (a) to show that trial counsel had no reasonable tactical basis for not taking these actions and (b) that he was prejudiced thereby. On this basis, respondent claims that the state court was correct in rejecting petitioner's claim of ineffective assistance of counsel. Answer, pp. 9-12. Respondent is wrong in both regards.

    Petitioner's intoxication was a key element of his defense, so important that the trial court itself recognized that an expert on intoxication was "a pretty important witness." (RT 361) This fact was clearly recognized by defense counsel as well, who undertook extensive efforts to secure Baselt's presence at trial. As defense counsel made clear, he began trying to reach Baselt immediately after his (i.e., defense counsel's) appointment to represent petitioner in July, 2003. (RT 355) Subsequently, he wrote and telephoned the doctor's business and personal addressed and telephones. Beginning in December, 2003, the defense investigator also attempted to locate and subpoena the doctor, also unsuccessfully. (RT 355-356) As early as January, 2004, defense counsel informed the court that

---

with his brother in the bar (RT 366), he would have asked the size of the beers. He would not simply have relied on petitioner's testimony that "we were drinking," (RT 367-368) but would have questioned him as to the number and size of beers that he personally drank from the 12-packs purchased at the local store and at Safeway.

4

he had been unable to find or contact Baselt and repeated the information on subsequent appearances as well. (RT 358) Hence, it was clear for a number of months prior to trial that there was a likelihood that Baselt would not appear. As the time for trial got closer, it became increasingly apparent that Baselt would not be available to testify. (RT 361) Even as late as toward the close of the defense case, defense counsel asked the court for a body attachment of Baselt, but the court refused, finding that effective service had not been made pursuant to Penal Code section 1328, subdivision (d). (RT 531) When that failed, defense counsel once again asked for a reading of Baselt's prior testimony. (RT 532)

At that point, defense counsel began efforts to ensure that Baselt's former testimony would be read to the jury in this case through a finding of unavailability. When the trial court told defense counsel prior to petitioner's testimony that to date there had been insufficient foundation laid for admission of Baselt's testimony, defense counsel indicated that the foundation would be laid during defense testimony in this case, just as it had been during the prior trial. (RT 362) Despite his assurances to the court to the contrary, defense counsel failed to do so, and the testimony was never admitted. (See, I, supra.) Defense counsel vigorously opposed the court's ruling. These factors belie any conclusion that defense counsel's failure to put expert testimony on the measure and effects of voluntary intoxication before this jury was a rational tactical decision. Rather, this was an instance in which there could be no rational explanation for the omission.

Both the effort that defense counsel expended in trying to secure Baselt's presence at trial, or, alternatively, to have his prior testimony read to the jury in this trial, are ample evidence that defense counsel did not have tactical reasons for

failing to take the steps outlined above that would have brought expert testimony on the effects of alcohol consumption, particularly when coupled with an assaultive incident directed at petitioner (i.e., the attack by the Volkswagen occupants), to the attention of the jury.

The Court of Appeal, in concluding that defense counsel may have had a tactical reason for failing to secure a replacement for Baselt, states that "defense counsel could well have decided that since the defense presented through Dr. Baselt was not successful in the first trial, it was not advisable tactically to locate another expert to try it again." Opn. p. 11. This conclusion totally ignores the efforts expended by defense counsel to ensure that Baselt's prior testimony was read to the jury. Why would he have gone through that extraordinary effort, had he decided that the expert testimony should not be presented to the jury? The Court of Appeal's conclusion is inconsistent with evidence in the record. In the absence of any evidence of a strategic basis, it is error by the Court of Appeal to find it. Alcala v. Woodford, 334 F.3d 862, 872 (9th Cir., 2003).

Moreover, the Court's conclusion that the testimony was not successful in the first trial is also unjustified. While it is true that petitioner was convicted of second degree murder in the first trial, it is also true that the verdict was overturned on appeal because of the removal of a juror who did not agree with the majority. In other words, had the trial court in the first trial not erroneously removed the "holdout" juror, petitioner would have not been convicted of the offense. Contrary to the Court of Appeal's conclusion, the expert testimony may well have convinced that juror that petitioner was not guilty. Hence, a determination by defense counsel that it was not tactically advisable to present an expert on the key

6

defense to this charge because of the outcome of the previous trial would itself have been evidence of ineffective assistance.

The Court of Appeal's conclusion that petitioner had not established prejudice is equally untenable. Answer, pp. 11-12. As already discussed, while it is true that petitioner's first trial ended in a conviction of second degree murder, it is equally true that that conviction was reversed by the state appellate court based on the erroneous and prejudicial removal of a juror whose verdict on the issue of guilt differed from that of the majority of jurors. Had that juror not been improperly removed, petitioner would not have been convicted of second degree murder. That "holdout" juror's conclusion may well have been based on the testimony of Dr. Baselt on the extent of intoxication in this case or its effects on behavior, memory or cognition, or the relationship between intoxication and the adrenalin generated by the Volkswagen encounter in this case. It may well have rested on Baselt's conclusion, based on the hypothetical posed, that petitioner had a blood alcohol level of .25, more than three times the .08 statutory level for being under the influence. (RT 540, 542) Or, it may have been based on Baselt's extensive testimony on the psychoactive effects that alcohol has on the body, including impairment of cognitive faculties (RT 538) and disorientation and lack of impulse control (RT 544). The Court of Appeal, and respondent, ignore these facts in concluding that there has been no showing of prejudice under <u>Strickland</u>.

In fact, the absence of expert testimony on voluntary intoxication left the jury without any guidance in assessing the extent of petitioner's impairment or with any scientific mechanism for understanding its effects on behavior, orientation and memory. Though defense counsel had put forward the defense of

intoxication, his failure to present expert testimony to the jury to support it was ineffective representation. (See, e.g., Caro v. Woodford, 280 F.3d 1247, 1254-1256 (9th Cir., 2002). Contrary to the conclusion of the Court of Appeal, petitioner was prejudiced under the standard of Strickland and the Sixth Amendment.

### III.

### PETITIONER IS ENTITLED TO HABEAS RELIEF BECAUSE HIS RIGHTS TO A FAIR TRIAL AND TO COUNSEL WERE VIOLATED WHEN THE TRIAL COURT MADE INSULTING REMARKS TO DEFENSE COUNSEL DURING CROSS-EXAMINATION OF A PROSECUTION WITNESS.

Contrary to respondent's assertion that this claim is procedurally barred by trial counsel's failure to object in the trial court, petitioner urges that (1) objection would have been futile or counterproductive, in that it might have led to further attention to the challenged remark, and (2) because the Court of Appeal reached the merits of the contention, consideration by this Court is proper. See, Melendez v. Piller, 288 F.3d 1120, 1125.

Contrary to the conclusion of the Court of Appeal, the trial court's statement was not a fair comment on the proceedings (opn., pp. 14-15), but instead cast serious aspersion on defense counsel's handling of the case, as well as on the case itself. In addition, by fingerpointing at petitioner's behavior in conversing with this attorney regarding the presentation of his defense, the court transformed petitioner's constitutional right to counsel into what was painted as improper conduct. Given the eagerness with which juries take their cues from the court, the Court of Appeal improperly concluded that it did not have serious negative

8

ramifications far beyond the realm of trial control. Rather, by its remarks, the trial court denied petitioner the effective assistance of counsel.

## CONCLUSION

Accordingly, petitioner respectfully requests that habeas relief be granted.

Dated: August 25, 2008

                                              Respectfully submitted,

                                              Hilda Scheib
                                              Attorney for Petitioner

## CERTIFICATE OF SERVICE BY UNITED STATES MAIL

Alas v. Sullivan, et al
C -7-3811 SI

I HILDA SCHEIB, am an attorney licensed to practice law in the state of California and not a party to the within action. My business address is P. O. Box 29098, San Francisco, CA 94129. On August 25, 2008, I caused to be served

TRAVERSE TO ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE

on:

Linda M. Murphy, Deputy Attorney General
Office of the Attorney General of the State of California
455 Golden Gate Avenue
San Francisco, CA 94102

Daniel Alas

by causing a true and correct copy to be placed in a sealed envelope, with first class postage thereon fully prepaid, and deposited in the United States mail at San Francisco, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of August, 2008, in San Francisco, CA.

_/s/ Hilda Scheib_